**Ralph N. Duval, Appellee, v. Coca-Cola Bottling Company of Chicago, Appellant.**

**Gen. No. 43,458.**

Opinion filed June 26, 1946. Released for publication August 19, 1946.

Robert D. Thompson, of Chicago, for appellant; Richard E. Keogh, of Chicago, of counsel.

Lawrence W. Harris, of Chicago, for appellee.

Mr. Presiding Justice Kiley delivered the opinion of the court.

This is a personal injury action with verdict and judgment for plaintiff in the amount of $500. Defendant has appealed.

Plaintiff on May 12, 1943 was a co-pilot for the American Airlines Company. On that night he was in its Operations Office in preparation for a flight to Washington, D. C. He walked from the office to a vending machine in the adjoining hangar several feet away to obtain a bottle of Coca-Cola. He inserted a coin and a bottle of Coca-Cola was presented to him. He uncapped the bottle in an opener in the machine. Holding the bottle he returned to the Operations Office. There he drank one swallow from the bottle. It tasted strange. He drank another swallow, thus consuming about one-half of the Coca-Cola. It tasted "peculiar". Plaintiff and several of his fellow employees smelled the bottle and examining it discovered the body of a mouse. Plaintiff's stomach became upset. He felt nauseated.

Plaintiff talked on the phone to a Company doctor. After this conversation and about 15 minutes after the incident, he boarded the plane which took off for Washington. He piloted the plane east from Cincinnati. During the trip he suffered from headache and from nausea. In Washington he vomited once or twice during the night and once the next morning. He suffered stomach pains throughout the night and his bowels were disordered. He did not consult a doctor. The morning after his arrival in Washington he was able to retain a light breakfast. He rested that day and and at night made the return trip to Chicago. He felt better that night, but was not back to normal for a "full" week. He lost no time from work and had no expense in connection with his sickness.

This was the substance of the material testimony in plaintiff's case. Defendant maintains that its motions for directed verdict should have been sustained at the close of plaintiff's case and at the conclusion of all the evidence and that its motion for judgment notwithstanding the verdict should have been sustained. Plaintiff's case rested upon the doctrine of *res ipsa*

*loquitur.* Defendant contends that the doctrine is inapplicable because the evidence shows that the injurious instrument was not exclusively in its control.

Defendant's Route Manager testified that defendant did not commence servicing the vending machine directly until July, 1943; that at the time of the incident, subject of this suit, defendant delivered Coca-Cola to "one of our salesmen" in the vicinity of the Municipal Airport who kept it in his garage; and that the bottles were sealed when they were delivered to him. The inference from this testimony is that the man to whom the defendant delivered the Coca-Cola serviced the vending machine. The bottles were sealed when they were delivered to this salesman and the bottle which was presented to plaintiff by the machine on the night in question was sealed and was, presumably, one which had been placed in the machine by the salesman. We believe that defendant, for practical purposes, had exclusive control of the bottle of Coca-Cola. *Fisher v. Washington Coca-Cola Bottling Works,* 84 Fed. Rep. 261. We cannot take seriously any suggestion that the mouse may have entered or been placed in the bottle while in the garage of the salesman.

The character of the incident was not such as to enable plaintiff to allege and prove defendant's negligence. The facts from which its alleged negligence arose were not accessible to him and were in the possession of the defendant. The incident was one which, in the ordinary course of events, would not have happened had it not been for the negligence of the defendant. Plaintiff's conduct in taking the second drink after the first swallow tasted peculiar, was not contributory negligence. Under these circumstances we are of the opinion that the doctrine of *res ipsa loquitur* is applicable. *Fisher v. Washington Coca-Cola Bottling Works,* 84 Fed. Rep. 261. The court properly denied the several motions which sought to

preclude plaintiff's recovery as a matter of law. The presumption of defendant's negligence on the testimony offered in plaintiff's behalf was sufficient to take the case to the jury.

The defense rested upon testimony of defendant's bottling process. The plant superintendent testified and photographs of the equipment depicting various phases of the process were introduced in evidence. Briefly, the process included the reception of empty, used Coca-Cola bottles at the plant; the manual placing of these bottles in pockets on an endless chain to be taken through the various washings; the performance of this function by teams of three men handling 4 bottles each at a time and inspecting them as they handled them; several washings in various solutions and at various temperatures, including a caustic solution; a final rinsing before the bottles left the washing equipment on their way to the filler; an inspection of the bottles by teams of two inspectors sitting at a table above which five 200 Watt bulbs reflected light into the passing bottles; filling of the bottles with the mixture of Coca-Cola sirup and carbonated water; and the capping and casing of the bottles.

Defendant maintains that this testimony and the fact that its equipment was of the best make and quality, were sufficient to overcome the presumption of its negligence under the *res ipsa loquitur* doctrine. Further facts developed in defendant's case on direct and in cross-examination were that the bottles were washed, while inverted, only once; that during the circuit they were upside down twice; that no bristle brushes were used in the washing, but an air brush was used; that the water is heated by steam coils and the water used in washing is changed weekly, although fresh water is added daily; that the bottles pass the two inspectors after the rinsings at the rate of 180 bottles per minute; that the plant superintendent did

not remember when this number was reduced from 280 to 180; that these inspectors are changed every 30 minutes; that they look for broken bottles and for bottles "containing something"; that empty bottles being taken from containers for washing have been found to contain cigarette butts, pencils, corks, clothes pins, but never a mouse; that the sirup is kept in sterile steel tanks and piped through a sterile steel line to the mixer near the filler; that in this journey it is screened through a steel mesh; that if a foreign substance passed the inspectors in a bottle after the rinsing, it would overflow in the filling and the bottle would be taken out and broken; and that during these several steps in the washing circuit, five employees have an opportunity to inspect.

The question of defendant's negligence was for the jury and in view of the testimony we have related, we see no reason to disagree with a finding by the jury that defendant was negligent. 111 A. L. R. pp. 1244 and 1245.

Defendant contends that there was no testimony which tended to show that plaintiff's sickness was proximately caused by the contents of the bottle of Coca-Cola. It points to the absence of medical testimony and to the likelihood that plaintiff's eating in restaurants and the flight may well have been responsible for his sickness. We think plaintiff's experience was sufficient basis itself for a finding by the jury that the substance which he drank caused his illness.

Defendant further complains that there was no testimony, and could not have been, of any damages. We think that plaintiff's experience and the sickness which followed, without more, was enough to warrant the verdict which was returned in his favor.

Finally defendant complains that the trial court committed error in refusing to give an instruction on contributory negligence which it offered. The court gave

one instruction on this subject at defendant's request. We have read it and the refused instruction and find no merit in this contention.

We have considered all the points raised and we are of the opinion that the verdict and judgment were proper. The judgment is, therefore, affirmed.

*Judgment affirmed.*

LEWE and BURKE, JJ., concur.