William H. Day, Lillian Day, Sheldon Harmon, and Hazel Harmon, Plaintiffs-Appellees and Cross-Appellants, v. Joseph Ukena, Defendant-Cross-Appellee, and William Alton, Defendant-Appellant.

Gen. No. 9,875.

Opinion filed June 16, 1953. Rehearing denied and opinion modified August 4, 1953. Released for publication August 4, 1953.

HERSHEY & BLISS, of Taylorville, for appellant.

JENKINS, OLSEN & CANTRILL, of Springfield, for cross-appellee.

LONDRIGAN & LONDRIGAN, of Springfield, and HOGAN & COALE, of Taylorville, for cross-appellants.

MR. JUSTICE CARROLL delivered the opinion of the court.

This is an appeal by defendant, William Alton (who will hereafter be referred to as the defendant) from certain judgments recovered by plaintiffs-appellees in the circuit court of Christian county in an action for personal injuries resulting from a collision between the automobile of the defendant, in which plaintiffs were riding, and one owned and driven by the other defendant, Joseph Ukena.

Plaintiffs have cross-appealed from a judgment of not guilty entered in favor of the defendant, Ukena.

The question presented by the appeal is whether the circuit court erred in denying the motion of defendant for a directed verdict at the close of plaintiffs' case and in denying his motion for judgment notwithstanding the verdict.

██ Plaintiffs contend that the defendant herein has waived his right to assign error here on the denial of his said motion to direct a verdict. Since it is apparent from the record that the defendant did not participate in the trial after the court denied his motion at the close of plaintiffs' case, we regard plaintiffs' contention as being without merit. *Miller v. McHale*, 263 Ill. App. 471; *Illinois Central R. Co. v. Swift*, 213 Ill. 307.

The complaint was in 12 counts, which in brief are as follows: Counts 2, 4, 6, and 8 charged Ukena with negligence; Counts 1, 3, 5, and 7 were directed against both defendants and charged wilful and wanton conduct on the part of Alton and Ukena jointly and severally, in that they wilfully and wantonly drove and ran their said automobiles into each other; Counts 9, 10, 11, and 12 were directed against both of the defendants and alleged that the road upon which the defendants were driving was straight and there were no obstructions to the view of the road; that each of the cars driven by the defendants when approaching each other on the highway was in full view of the other,

and further alleged that each of the defendants knew that if they continued in a straight line and neither turned his car to the right, their cars would collide; that both of said defendants continued to drive their respective cars toward each other and wilfully and wantonly drove and ran their cars into each other.

 From these allegations of the complaint, it is apparent that before the plaintiffs could recover from the defendant, it was incumbent upon plaintiffs to prove that the defendant wilfully and wantonly drove his car into the car of Ukena, or that the defendant knew that the driving of his car in the manner in which it was driven would result in the collision which occurred.

The facts which are not disputed are that each of the plaintiffs was a guest passenger in the car of defendant; that plaintiffs and defendant left Springfield on April 15, 1951, at about 8:00 a. m. to go to Flora; that the accident happened at about 4:00 p. m. on U. S. Route 51 at a point about 1 mile south of Pana in Christian county; that Route 51 at that point is a paved highway 18 feet wide with the 2 traffic lanes separated by a black line; that at the scene of the accident the road goes up an incline extending north; that the weather was clear and the pavement dry; that the defendant's car was going north and the Ukena car was going south; and that the two cars were on the pavement and near the center line thereof when the collision occurred.

 Since on this appeal the court is concerned only with plaintiffs' evidence, the same must be carefully scrutinized for the purpose of ascertaining whether when taken to be true and in the aspects most favorable to plaintiffs it fairly tends to prove the allegations of the complaint which charge the defendant with wilful and wanton misconduct. If plaintiffs' evidence fails to meet the above requirements, then the

trial court should have sustained defendant's motion at the close of plaintiffs' case.

The four plaintiffs testified as occurrence witnesses. They were substantially in agreement that no one had complained or found any fault with defendant's driving at any time on the trip prior to the accident; that at the time of the collision the defendant was driving on the right, or in his own lane of traffic; and that they were satisfied with the defendant's driving and were paying little, if any, attention to approaching traffic. None of the plaintiffs testified to anything that the defendant did or failed to do that contributed in any way to causing the accident. The defendant called as an adverse witness, testified that he first saw the Ukena car as it came over the crest of an incline about 500 or 600 feet away; that it was partly on his side of the pavement, about one-third over the line, and that he thought the driver thereof was passing another car; that he was driving between 30 and 45 miles per hour; that he looked to his left and right and in the rear-view mirror; that when his eyes returned to the road in front of him, the Ukena car was 25 or 30 feet away, going very fast and partly on defendant's side of the black line; and that within less than a second the collision occurred. Certain photographs of the cars involved (Exhibits 1 to 4 inclusive) and of the scene of the accident (Exhibits 5 to 8 inclusive) were introduced. These exhibits shed no light upon the question as to how the accident happened. Plaintiffs called the defendant Ukena as an adverse witness under section 60 of the Practice Act [Ill. Rev. Stats. 1951, ch. 110, § 184; Jones Ill. Stats. Ann. 104.060]. Upon objection of defendant's counsel, the court ruled that the jury must disregard the testimony of the witness as against the defendant. The court erred in this ruling. The testimony of Ukena was admissible against his co-defendant. *Illinois Malle-*

31

*able Iron Co. v. Brennan*, 174 Ill. App. 38; *Olsen v. Evanston Bus Co.*, 307 Ill. App. 669. It has been considered by this court and as evidence of wilful and wanton misconduct would not appear to add anything to the testimony of plaintiffs.

 Upon this evidence the plaintiffs must depend for proof of wilful and wanton misconduct of the defendant as alleged in their complaint and to which we have referred *supra*. The trial court, in passing upon defendant's motion, was not deciding whether plaintiffs' evidence was sufficient to take the case to the jury on the question of ordinary negligence. To qualify as proof that the defendant's acts were of a wilful and wanton character, the evidence must be such as meets the tests which must be applied thereto in conformity with the opinion of the Supreme Court in *Bartolucci v. Falleti*, 382 Ill. 168; *Clarke v. Storchak*, 384 Ill. 564; and *Schneiderman v. Interstate Transit Lines, Inc.*, 394 Ill. 569. In the *Schneiderman* case, *supra*, the court said: "A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness or carelessness when it could have been discovered by the exercise of ordinary care." This evidence would seem to fall far short of fairly tending to prove that the defendant committed any act in the operation of his car or failed to discharge any duty enjoined upon him from which a jury could conclude that the same amounted to wilfully and wantonly driving his said car into the car of his co-defendant.

██ It is our opinion that plaintiffs' evidence in this case as against the defendant, considered most favorably to plaintiffs, together with all reasonable inferences arising therefrom, did not fairly tend to support

the allegations of wilful and wanton misconduct on the part of the defendant as charged in the complaint. The trial court should have allowed the motion of defendant to instruct the jury to direct a verdict in his favor made at the close of plaintiffs' case.

■ ■ On the cross-appeal, plaintiffs urge as grounds for reversal of the judgment of the trial court in favor of the defendant, Ukena, the admission into evidence by the court of defendant Ukena's Exhibit No. 7. In view of the fact the record discloses that the parties stipulated that this exhibit was taken the day after the accident; that there was evidence that it fairly depicted the scene of the accident, and that certain witnesses testified that they saw the marks on the pavement shown in the photograph, we are of the opinion that the court did not err in admitting this exhibit. We are of the further opinion that there were no other serious errors committed by the court on the trial of this cause as it pertained to the defendant-cross-appellee. The judgment in favor of cross-appellee should be and is affirmed.

■ Plaintiffs have filed a motion in this court to have the costs of preparing an additional abstract of record taxed to the defendant-appellant, which has been taken with the case. This motion is denied.

Judgment as to the defendant, William Alton, reversed and cause remanded with directions to the trial court to allow the motion of the defendant at the close of plaintiffs' case to direct a verdict and to enter judgment in favor of said defendant and against the plaintiffs. Judgment in favor of defendant, Joseph Ukena, is affirmed.

*Affirmed in part and reversed in part and remanded with directions.*