Charles Sharpe, Plaintiff-Appellant, v. Danville Coca-Cola Bottling Company, Defendant-Appellee.

Gen. No. 10,046.

Third District.

February 23, 1956.

Released for publication March 12, 1956.

Louis L. Mason, and Francis R. Wiley, both of Decatur, for plaintiff-appellant.

McMillen, Garman & Owen, of Decatur, for defendant-appellee.

JUDGE CARROLL delivered the opinion of the court.

This is an action for damages which plaintiff claims to have suffered as a result of illness caused by drinking Coca-Cola manufactured and bottled by the defendant.

The complaint alleged that plaintiff purchased a bottle of Coca-Cola in its original container from a vending machine owned and operated by Dale Alumbaugh; that defendant sold the bottle of Coca-Cola to Alumbaugh and represented the same to be fit for human consumption; and that the bottle contained one or more foreign substances which the plaintiff consumed, causing him to be ill.

The cause was tried by a jury which returned a verdict for plaintiff. At the close of all the evidence the Trial Court reserved its ruling on defendant's motion to direct a verdict. After verdict the Court allowed the motion and entered judgment for defendant notwithstanding the verdict. From such judgment plaintiff prosecutes this appeal contending that in sustaining defendant's motion the Trial Court erred.

██ A motion for a directed verdict presents the single question as to whether, when all of the evidence is considered in its aspects most favorable to plaintiff together with all reasonable inferences which may be drawn therefrom, there is a total failure of proof as to an essential element of the plaintiff's case. Merlo v. Public Service Co. of Northern Illinois, 381 Ill. 300; Wallis v. Villanti, 2 Ill.App.2d 446; Blumb v. Getz, 366 Ill. 273.

In the order allowing defendant's motion the Trial Court indicated that the basis of its ruling was that although there was evidence of ample time and oppor-

tunity for tampering with the bottle of Coca-Cola after it left the possession and control of defendant, the plaintiff failed to prove that the bottle was not in fact tampered with after leaving the defendant's possession.

Before attempting to determine whether the Trial Court was correct in its conclusion, it is necessary to establish that such proof is essential to recovery in this particular case.

 There is an implied warranty that food sold to the public is fit for consumption. As to the manufacturer, such warranty is made as of the time the food leaves his control. The immediate seller makes such warranty of quality at the time the food is purchased by the consumer. One who purchases food which is deleterious has a remedy against either the person from whom the food was last purchased or against any prior seller thereof. Where it is sought to recover from a remote seller the plaintiff must assume the burden of proving that the condition of the food at the time it left such seller's control was the same as immediately prior to its consumption, or that it had not been contaminated in the interim. In the case of Williams v. Paducah Coca Cola Bottling Co., 343 Ill. App. 1, we find the rule as to the method by which plaintiff may meet this required burden stated in the following language:

"In the type of case we are here considering this burden may be fulfilled in one of two ways, viz.: (1) by proof that there was no reasonable opportunity for tampering with the bottle, in which case there is an inference that the bottle was in the same condition as when it left the manufacturer's control; and (2) if the evidence discloses there was reasonable opportunity for tampering, by proof that there actually was no tampering or adulteration. The evidence bearing on these propositions may be direct or may of necessity be circumstantial, but the burden is on the plaintiff."

178

Application of the above rule in the instant case points to the necessity of ascertaining from the evidence whether it fairly tends to prove either that there was no reasonable opportunity for tampering with the same, or that actually no one did tamper with such bottle.

The evidence shows that the bottle containing the Coca-Cola was capped; that it was purchased by plaintiff from a vending machine in Tom's Motel in Macon County, Illinois; that the bottle was placed in the vending machine by Dale Alumbaugh, operator of the Motel; that prior to being placed in the machine the bottle with others was kept in a building behind the Motel; that Alumbaugh did not know whether this building was always locked; that Alumbaugh brought the Coca-Cola in his car to the Motel from a tavern in Newman which he formerly operated; that the Coca-Cola was purchased from the defendant in case lots and delivered to the tavern at Newman where it was stored with other soft drinks in a back room of the tavern; that there was a door leading from the tavern proper into the storage room; that this storage room was open to the public; that 60% of the public used the back door entrance to the tavern and walked through the storage room in entering the tavern proper; that the men's and women's restrooms opened onto the area where the Coca-Cola and other soft drinks were stored; that tavern employees testified they had never seen anyone tampering with the Coca-Cola; that persons including employees of the Motel while in the tavern did not have a view of the storage room; that when plaintiff drank the Coca-Cola it tasted queer and was described as being a little flat. There does not appear to be any evidence as to the nature of the one or more foreign substances which the complaint alleged the Coca-Cola contained.

We think this evidence shows that there was a reasonable opportunity for tampering with the

bottle in question. We further think such evidence falls short of tending to prove that there was actually no tampering with the bottle after it left the control of the defendant. The room in which the Coca-Cola was stored at the Motel was not always locked and the back room of the tavern in which it was stored was open to the public. In this situation it does not seem unreasonable to conclude that there was an opportunity for tampering with the bottle. The testimony of the plaintiff that when he began to consume the Coca-Cola it tasted flat is an important circumstance in that it supports the inference that the bottle cap had been loosened permitting air to enter and thus destroying carbonation. It is a matter of common knowledge that the cap used on Coca-Cola bottles may be easily removed and replaced.

Plaintiff contends the record contains sufficient evidence to raise a jury question as to whether the bottle of Coca-Cola was tampered with while in the possession of the retailer; that there was no evidence of any motive on the part of anyone to tamper with the bottle or that it was so tampered with; and that the Trial Court ruled in effect that the remote possibility that someone tampered with the bottle precluded submission of such question to the jury.

In support of this argument plaintiff cites the cases of Sullivan v. Coca Cola Bottling Co. of Chicago, 313 Ill. App. 517; Duval v. Coca-Cola Bottling Company of Chicago, 329 Ill. App. 290; Patargias v. Coca-Cola Bottling Company of Chicago, Inc., 332 Ill. App. 117; Coca-Cola Bottling Company of Henderson, Inc. v. Munn, 99 F.2d 190 and Heimsoth v. Falstaff Brewing Corp., 1 Ill.App.2d 28.

Upon examination it appears that these cases are either completely distinguishable on the facts or do not involve the rule of law applicable to the instant case.

180

In the Sullivan case, the question of there being any reasonable opportunity for tampering with the bottle after it left the manufacturer was not raised or passed upon by the Court. In the Duval case, the defendant was not a remote seller since the contaminated bottle of Coca-Cola was delivered by the bottler to one of its salesmen who kept the bottle stored in his garage and later placed the same in a vending machine. The Court there held that the defendant had exclusive control of the bottle of Coca-Cola. In the Patargias case, the plaintiff brought suit on two theories, one on the theory of negligence and the other on breach of warranty. The Court held that the evidence of a mouse in the bottle was prima facie evidence of negligence which was not overcome by proof of due care introduced by the defendant. In the Henderson case, the Court held that the burden was not upon the plaintiff to exclude the reasonable possibility of contamination from other sources than the defendant's plant. However, the Court did not hold that the plaintiff was not required to show that there was no reasonable opportunity for tampering.

In the Falstaff Brewing Corp. case, the Court held that the evidence therein showed that the manner in which the bottle of beer in question was stored and delivered to the tavern did not necessarily indicate an opportunity for tampering. In its opinion the Court made an observation which we think applicable to the situation involved herein to the effect that:

"When the product of the manufacturer involves a sealed or capped bottle of the type under consideration before us, and particularly, where the evidence shows circumstances inconsistent with tampering, such as the foaming of the beer upon the bottle being opened, the direction of a verdict on the ground that there was a possibility of tampering through some activity which would not normally or reasonably be

181

anticipated or probable on the basis of the evidence presented, is not justified."

▓ Consideration of the evidence in the light most favorable to plaintiff would appear to leave no doubt but that it shows an opportunity for tampering with the Coca-Cola bottle in question. It also appears that plaintiff failed to produce any evidence tending to establish that there was actually no tampering with the bottle after it left the possession or control of the defendant. Under the decision in the Williams case, supra, we are constrained to hold that plaintiff failed to make proof on one of the elements essential to recovery.

For the reasons indicated, the judgment of the County Court of Macon County is affirmed.

Affirmed.