101 So.2d 34 (1958)
MIAMI COCA COLA BOTTLING COMPANY, Inc., d/b/a Palm Beach Coca Cola Bottling Company, Appellant,
v.
Sally Ann TODD, Appellee.
Supreme Court of Florida.
March 5, 1958.
*35 Miller, Hewitt & Cone, West Palm Beach, for appellant.
Adams, Phillips & Hathaway, West Palm Beach, for appellee.
DREW, Justice.
The consumer purchased a soft drink directly from the bottler and thereafter kept the bottle in her kitchen for her sole use. About a week after the purchase she opened the drink, sealed with the usual percussion type "crown" cap which showed no signs of tampering, and drank part of the contents. She became ill from a foreign substance contained in the drink, and sued the bottler.
The trial judge submitted the consumer's claim against the bottler to the jury, which returned a verdict in favor of the consumer. The trial judge had previously reserved ruling on the bottler's motion for a directed verdict at the close of the consumer's case, and denied a certain charge to the jury on the consumer's burden of proof. After the verdict he denied the reserved motion and defendant's post-trial motions and entered a final judgment for the consumer.
The bottler recognizes that Florida law places bottlers of cold drinks under the same rule of absolute liability of implied warranty as canners of food, Florida Coca-Cola Bottling Company v. Jordan, Fla. 1953, 62 So.2d 910. The primary question raised on this appeal is whether or not the consumer is required to present positive evidence negativing tampering or a reasonable opportunity for tampering with the contents of the bottle, after it left the bottler's control, in order to recover. The issue is raised by the bottler's requested charge, which was denied by the trial judge:
"You are instructed that as in this case if Mrs. Todd elects to attempt to fix the liability upon a remote seller, which is the defendant herein, she must assume the burden of proving that the condition of the food at the time when it left the control of this defendant was the same as immediately prior to its consumption or that it had not been adulterated in the interim.
"In this case, the burden of proof required of Mrs. Todd may be fulfilled in one of two ways:
"1. By proving that there was no reasonable opportunity for tampering with the bottle, in which case there is an inference that the bottle was in the same condition as when it left the defendant's control.
"2. Or, if the evidence discloses there was reasonable opportunity for tampering, Mrs. Todd must prove that there actually was no tampering with the bottle or adulteration of same."
The first part of the requested charge was adequately and accurately covered in other portions of the trial judge's charge, and will not be further considered; but the part *36 requiring the consumer to disprove "reasonable opportunity for tampering" with the bottle (or if that opportunity existed, to disprove "tampering") was not specifically covered by the trial judge. His charge simply placed the burden on the consumer to prove by a preponderance of the evidence that the deleterious foreign substance "found its way into the bottle in question while it was in the custody and control of the defendant, its agents, employees or servants." In situations such as this a jury is called upon to consider trial evidence and to weigh the same in the light of their own experience. In common experience deleterious foreign substances do not find their way unaided by intentional human acts into bottles after they are properly covered with "crown" caps frequently enough to amount to more than a discountable possibility of such an occurrence. This is the principal distinction between a "bottled foreign matter" case and an "exploding bottle" case,[1] since in the latter situation common experience indicates that rough or unusual handling frequently contributed to the bursting.[2] Still, the question of tampering, which is presented by the bottler's requested charge, is not entirely foreclosed by the presence of "crown" caps, which can be removed and replaced.
General experience shows that, in combination, the safety measures of bottlers are not perfect enough nor the number of tamperers great enough for the court to require consumers to negative by affirmative proof a reasonable opportunity for tampering, or tampering, before a jury can consider the case, or reach a proper verdict. The burden of such a rule on a plaintiff would be wholly disproportionate to any benefit to a defendant. This conclusion obviously indicates that we cannot agree with the Kentucky Court (two judges dissenting) which reached an opposite conclusion upon this controlling issue, by using what we consider the false premise that, "Human experience has forced us to the conclusion that the presence of foreign objects in bottled soft drinks may in the ordinary course of things be the result of a prank or a deliberate wrongful act equally as well as being the result of negligence[3] on the part of the bottler." Ashland Coca-Cola Bottling Co. v. Byrne, Ky.App. 1953, 258 S.W.2d 475, 476.[4]
It is possible to distinguish some of the cases which are in accord with the Kentucky court by pointing out the differences in theory of action (res ipsa loquitur frequently is used instead of implied warranty), the presence of intervening dealers, or combinations of the two. The absence of these factors might have brought about different results in cases where they are discussed; but because there is authority we cannot distinguish on these grounds which is opposed to our conclusion,[5] we think it is better to meet the principal issue squarely as we do here. Although there is no general uniformity of opinion as to the proper disposition of the issue presented *37 in this case, we prefer to follow the reasoning which we previously expounded and which is supported by what we think to be the better authority. See Norfolk Coca-Cola Bottling Works v. Land, 1949, 189 Va. 35, 52 S.E.2d 85; cf. Beaumont Coca Cola Bottling Company v. Guillot, Tex.Civ.App. 1949, 222 S.W.2d 141, and Mayerhefer v. Louisiana Coca-Cola Bottling Company, La. App. 1950, 45 So.2d 442. The trial judge submitted the issue to the jury with a proper instruction.
Affirmed.
TERRELL, C.J., and HOBSON, THORNAL and O'CONNELL, JJ., concur.
NOTES
[1] The plaintiff must show inaccessibility to extraneous, harmful influences and reasonably careful handling in the exploding bottle cases based on res ipsa loquitur. e.g. Burkett v. Panama City Coca-Cola Bottling Co., Fla. 1957, 93 So.2d 580.
[2] Scientific experiments sometimes refute and sometimes, as in this situation, reinforce generally held opinions which are based on common experience. See 11 NAACA Law Journal 158.
[3] We do not intend to imply that in the present case negligent bottling is the only consideration, since the bottler might be liable under the absolute liability of implied warranty if pranksters placed the substance in the bottle while it was under the control of the bottler or its agents.
[4] See also Coca-Cola Bottling Works v. Sullivan, 1942, 178 Tenn. 405, 158 S.W.2d 721, 171 A.L.R. 1200; Tafoya v. Las Cruces Coca-Cola Bottling Company, 1955, 59 N.M. 43, 278 P.2d 575; Sharpe v. Danville Coca-Cola Bottling Company, 3rd Dist. 1956, 9 Ill. App.2d 175, 132 N.E.2d 442.
[5] Williams v. Coca-Cola Bottling Company, Mo. App. 1955, 285 S.W.2d 53.