Harold Hinnerichs, Plaintiff-Appellant, v. James Galbraith, Defendant-Appellee.

Gen. No. 63–F–10.

Fourth District.

April 8, 1963.

Donald R. Mitchell and Bill F. Green, of Murphysboro, for appellant.

John E. Jacobson and Craig & Craig, of Mt. Vernon, and Ford L. Rendleman, of Anna, for appellee.

CULBERTSON, J.
In the cause now before us the plaintiff, Harold Hinnerichs, filed an action for personal injuries and property damage against defendant, James Galbraith, by

reason of an automobile accident which occurred on August 13, 1959, on a highway in Randolph County. Defendant filed a counterclaim alleging that the negligence of plaintiff was the proximate cause of the accident. On the trial before a jury a verdict was returned finding the issues in favor of defendant on the plaintiff's complaint, and in favor of defendant on his counterclaim as against plaintiff, and awarded defendant $25,000 upon such counterclaim. The Court entered judgment upon the verdicts. Prior to appeal, the $25,000 judgment entered in favor of defendant was settled. This appeal is taken only from the judgment against the plaintiff and for the defendant on the complaint.

On appeal in this Court there are only two basic issues raised by plaintiff-appellant for our consideration. One involved the admission in evidence of certain photographs on behalf of defendant; and the other, the refusal of the Trial Court to permit cross-examination of a State Highway Patrolman concerning the purported official report prepared by the Patrolman as the result of the accident.

■ The accident in question occurred on a wye intersection of routes 150 and 43, near the top of a steep hill. At the time of the accident the plaintiff was driving a pickup truck and defendant was driving a passenger automobile, in opposite directions. Shortly after 8:00 p. m., the two vehicles collided, and it was not too clear where the collision had occurred, whether the driver of plaintiff's car or the other car, had crossed the center line. A State Highway Patrolman testified as to a photograph which was introduced in evidence, and stated that the marks shown led to the pickup truck which was being driven by plaintiff. He also testified that the other photograph correctly showed the highway on the hill on the particular night and showed certain marks that he saw there. Although he stated that the exhibits did not show certain debris

such as glass, mud, or chrome, which was on the north side of the road immediately after the accident, when he was asked if the condition of the highway was identical at the time of the accident and when the pictures were taken, he stated it appeared to be so, and that the marks were there that night. Another State Patrolman testified as to tire marks, and drag marks, and debris as shown in the photographs. The photographs which were admitted in evidence, on the basis of testimony presented in Court that they portrayed only what they purported to portray, being the scene of the accident and certain elements identified with respect thereto, and on the basis of the testimony of the witnesses that they correctly reflected the scene as the witnesses observed it. The admission of such photographs has not been deemed to be reversible error under the facts and circumstances such as are present in the instant case (Day v. Ukena, 351 Ill App 26, 113 NE2d 574; Rehnbloom v. City of Berwyn, 329 Ill App 327, 68 NE2d 479). It is pointed out also that after a preliminary objection to such photographs on the grounds that no proper foundation was laid and that the skid marks were not correctly shown or identified, an objection followed further testimony establishing that the skid marks shown in the picture were there and that the photographs depicted the scene correctly. There was simply an objection to the exhibits without any specification on the basis of the objection. The Court could well have concluded that the lack of a specific objection to such testimony constituted a waiver of any specific grounds, and the consequential admission of such exhibits was, therefore, proper (Shepard v. City of Aurora, 5 Ill App2d 12, 124 NE2d 584; Sorensen v. Chicago Ry. Co., 217 Ill App 174).

The other question raised on appeal relates to the ruling of the Trial Court as to a prior statement

436

of the State Highway Patrolman in his official report. As stated by appellant on appeal in this Court, the narrow question presented is whether an Illinois State Patrolman who testifies in a civil trial as to facts observed by him in the course of his investigation of an accident may be cross-examined as to a prior statement or theory in his official accident report which may be contrary to his testimony, for the sole purpose of impeaching his credibility as a witness. The parties readily admit that the police accident report is not admissible in evidence and could not be proved as evidence of the existence or nonexistence of certain facts (Stone v. Warehouse & Terminal Cartage Co., 6 Ill App2d 229, 127 NE2d 260). In the Stone case a police officer testified on behalf of a plaintiff and defendant cross-examined the police officer in detail concerning his police report. Plaintiff, in his examination, had brought out nothing concerning the police report. The Appellate Court concluded that the cross-examination concerning the report was erroneous and stated that if the evidence of the police officer on direct examination, however sparse it was, and which was admitted without objection, had been improper the defendant could have moved to have it stricken. The defendant by his detailed cross-examination concerning the police report, brought before the jury the contents of the document which itself could not properly be admitted in evidence. The Court there concluded that the Trial Court erred in permitting such cross-examination.

Plaintiff, while admitting that the conclusions of the Court in the Stone case were proper, states that in the present case no attempt was made to prove the contents of the State Police report other than to show that it was contradictory to the detailed evidence given by the State Patrolman on direct examination. It is difficult to determine how such cross-examination relating to the report could have been effectively pre-

sented without substantially showing what was in the police report.

 The scope and extent of cross-examination normally is within the Trial Court's discretion, and unless that discretion is clearly abused, with resulting prejudice to a party, we should not on appeal interfere with such ruling (Green v. Keenan, 10 Ill App2d 53, 134 NE2d 115). Had the Trial Court permitted an answer to the question which could not have involved disclosure of the police accident report as such, our conclusions would have been such ruling would likewise not have been erroneous. In the case before us, examining the record as a whole, we do not believe that there was any prejudice to the plaintiff resulting from the ruling and, in fact, there is a serious question as to whether the record discloses any official report since there was no showing that such a report was in fact made, since no offer of proof was made in the Trial Court. Any error which might have resulted from such ruling, in view of other testimony of the same Patrolman, that the Patrolman could not determine what had happened from the physical evidence, would be harmless error and could not be the basis of recovery in any event. The judgment of the Trial Court of Randolph County will, therefore, be affirmed.

Affirmed.

SCHEINEMAN, P. J. and HOFFMAN, J., concur.