**NIDAY, Plaintiff-Appellant, v. JENKINS, Defendant-Appellee.**

Ohio Appeals, Second District, Greene County.

No. 565.   Decided October 28, 1955.

Aultman, Shaw & Cox, Xenia, for plaintiff-appellant.
Wead & Aultman, Xenia, for defendant-appellee.

(CONN, J, of the Sixth District, sitting by assignment in the Second District.)

## OPINION

By CONN, J.

This is an action in replevin brought by plaintiff in the Common Pleas Court to recover possession of a red bone hound dog from defendant.

The issues were made up on the petition of plaintiff and answer and cross-petition of the defendant. A jury was impaneled and sworn. The plaintiff was called as the first witness. Before this witness was

excused or the plaintiff had rested, defendant moved that the case be dismissed on the ground that plaintiff had failed to show he is the owner of the dog.

Before ruling on defendant's motion, plaintiff testified further on cross-examination and before the conclusion of same, the court announced that under the statute every dog of this nature, that is more than three months old, must be registered with the County Auditor and taxes paid on it. Thereupon the case was dismissed and the jury excused.

From this judgment of the trial court, plaintiff appealed on questions of law and assigns as error the judgment of the court dismissing plaintiff's action.

Plaintiff testified that he had acquired the dog by purchase in June, 1952; that the purchase was made on his behalf by one Arnold Gothard for the price of $85.00, and introduced in evidence a receipt for said amount, dated June 20, 1952; that he had possession of the dog until December 10, 1952; that at this time the dog disappeared and that it was not until November, 1954, that he located the dog on the premises of defendant. Plaintiff also testified that he had not obtained a license for the dog.

The granting of defendant's motion to dismiss was grounded on the testimony of plaintiff that he had not procured a license for the dog after the alleged purchase. At the time the motion to dismiss was granted, plaintiff had not rested his case nor was he given an opportunity to call other witnesses that he had subpoenaed.

A motion to dismiss, when predicated on the sufficiency of the evidence, is analogous to a demurrer to a pleading. Such motion admits the truth of what the evidence tends to show.

In the instant case, as already pointed out, plaintiff's evidence shows that he had purchased the dog for a substantial consideration and had had it in his possession from June until December, when the dog disappeared. Plaintiff produced a receipt for the purchase money paid.

The trial court found that the plaintiff did not have any property right in said dog, as would enable him to bring an action in replevin, and on this premise, dismissed the action.

The early common law appears to be authority for the proposition that a dog was not considered property. The modern rule, announced by the courts is that dogs are domestic animals and subject to ownership as such and that the wrongful taking or injuring of a dog amounts to an invasion of a property right and gives rise to a civil action. See 2. O. Jur. 2nd, 458, Sec. 83.

In the case of Ohio v. Weekly, 146 Oh St 277, which was a larceny case, the court held that a dog was personal property, whether listed or not, and pointed out that under the common law and early in Ohio it was held that dogs were not subjects of larceny. However, under the larceny statute, it was held that "a dog, shown to be worth an appreciable amount, whether listed for taxation or not, is a thing of value, subject to larceny within the meaning and intendment of §12447 GC." (now §2907.20 R. C.)

In the earlier case of **Hill v. Micham, 116 Oh St 549,** it was held that an owner of a dog may recover for the unlawful killing of his dog and that apart from statutory provisions, that injury to or unlawful killing of a dog is such an invasion of property as amounts to a civil wrong. See also **Livengood v. Markusson, 31 Oh Ap 183.**

We have examined the pertinent statutes providing for registration of dogs, duty imposed on seller of a dog, penalties imposed by fine for failure to comply with the statutes. On the issue raised on defendant's motion to dismiss, we do not feel that a discussion of these statutes is material in view of the issues raised on the record.

We conclude that the trial court erred in granting defendant's motion to dismiss, as the evidence then before the court tended to show that plaintiff had a property right in the dog and, as a matter of procedure, had a right to introduce further evidence pertinent to the issue.

Judgment reversed and cause remanded to the Court of Common Pleas for a new trial.

MILLER, PJ, HORNBECK, J, concur.