STRAWSER, Appellant,

v.

WRIGHT, Appellee.

[Cite as *Strawser v. Wright* (1992), 80 Ohio App.3d 751.]

Court of Appeals of Ohio,
Preble County.

No. CA92–03–003.

Decided July 27, 1992.

752

_Wristen & Ucker, L.P.A._, _David A. Ucker_ and _Ellen L. Wristen_, for appellant.

_James W. Thomas_, for appellee.

*Per Curiam.*

Plaintiff-appellant, Linda D. Strawser, purchased a Yorkshire terrier puppy for $250 on December 12, 1989. Defendant-appellee, Juanita Wright, breeds and sells Yorkshire terriers and was the owner of the puppy purchased by appellant. Appellee's minor grandson handled the sale of the puppy and represented to appellant that the puppy had received a general newborn vaccination. On January 3, 1990, appellant's puppy died of Parvo.

Appellant filed a two-count complaint against appellee in Eaton Municipal Court on October 22, 1990. In the first count, appellant alleged that appellee had falsely represented to appellant that the puppy had been immunized against Parvo. The second count of the complaint requested damages from appellee for negligent infliction of emotional distress. Appellee filed a motion for summary judgment as to Count Two of the complaint, alleging that Ohio law does not permit recovery for negligent infliction of emotional distress under the facts of this case. The trial court granted appellee's summary judgment motion as to Count Two of the complaint on January 13, 1992. Appellant subsequently dismissed Count One of the complaint without prejudice and brought this appeal.

Appellant raises three assignments of error for our consideration:

Assignment of Error No. 1:

"The trial court erred in dismissing plaintiff's action in mental distress resultant from wanton and reckless conduct, while employing only the law applicable to the intentional infliction of mental distress and to punitive damages."

Assignment of Error No. 2:

"The trial court erred in dismissing Count II of plaintiff's action when there were issues of material fact in dispute."

Assignment of Error No. 3:

"The trial court erred in dismissing Count II of plaintiff's action when defendant's motion for summary judgment thereon was unsupported by any affidavit or other evidence."

Since our resolution of the second and third assignments of error impacts our ruling on the first assignment of error, we will discuss the first assignment last.

In her second and third assignments of error, appellant argues that summary judgment was improperly granted because there were genuine issues of material fact and because appellee's motion was unsupported by any affidavit or other evidence. Under Civ.R. 56(C), summary judgment should be granted

if: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds, viewing the evidence most strongly in favor of the party against whom the motion is made, can reach only one conclusion which is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267. We conclude that summary judgment in favor of appellee on Count Two of appellant's complaint was appropriately granted.

■ In Ohio, a cause of action may be stated for negligent infliction of serious emotional distress. *Paugh v. Hanks* (1983), 6 Ohio St.3d 72, 6 OBR 114, 451 N.E.2d 759; *Schultz v. Barberton Glass Co.* (1983), 4 Ohio St.3d 131, 4 OBR 376, 447 N.E.2d 109. "Ohio courts have limited recovery for negligent infliction of emotional distress to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person. * * * [Where an individual's] claim does not arise out of such circumstances, [the individual] fail[s] to state a claim for emotional distress under Ohio law." *High v. Howard* (1992), 64 Ohio St.3d 82, 85–86, 592 N.E.2d 818, 820–821. Since appellant was not a bystander to an accident and was not in fear of physical consequences to her own person, she has failed to state a claim for negligent infliction of emotional distress.

■ Other Ohio courts have refused to recognize claims for negligent infliction of emotional distress under circumstances not involving a bystander to an accident or fear of physical consequences. According to one court, *Paugh, supra,* and *Schultz, supra,* "make clear that they allow recovery only when the victim or someone closely related to the victim faced physical peril. They have no application here to a non-violent failure to perform a sales contract." *Brown Deer Restaurant, Inc. v. New Market Corp.* (Mar. 28, 1985), Cuyahoga App. No. 48910, unreported, at 5, 1985 WL 9802. Similarly, recovery is not permitted "to one suffering emotional distress after witnessing the negligent damaging of property over a period of time arising out of the ongoing negligence of a defendant." *Reeser v. Weaver Bros., Inc.* (1989), 54 Ohio App.3d 46, 49, 560 N.E.2d 819, 822. Furthermore, "Ohio courts have not recognized a separate tort for negligent infliction of emotional distress in employment situations." *Antalis v. Ohio Dept. of Commerce* (1990), 68 Ohio App.3d 650, 653, 589 N.E.2d 429, 431.

■ Given the facts in this case, appellant cannot state a claim for negligent infliction of serious emotional distress. We sympathize with one who must endure the sense of loss which may accompany the death of a pet; however, we cannot ignore the law. Under the law of Ohio, a dog is regarded as the property of its owner. See *Hill v. Micham* (1927), 116 Ohio St. 549, 157 N.E. 13; *Niday v. Jenkins* (App.1955), 72 Ohio Law Abs. 605, 136 N.E.2d 447;

*State v. Unversaw* (Mar. 31, 1988), Butler App. No. CA87–11–146, unreported, 1988 WL 37112. Ohio law simply does not permit recovery for serious emotional distress which is caused when one witnesses the negligent injury or destruction of one's property. See *Reeser, supra.* · Likewise, no recovery can be had for emotional distress resulting from the breach of a contract. See *Brown Deer, supra.* We are unwilling to extend Ohio law to allow recovery for the negligent infliction of emotional distress in the present case.

Because appellant failed to state a claim for negligent infliction of emotional distress, appellee was entitled to judgment as a matter of law. Additionally, since no claim was stated, no issues of fact were material, and appellee's motion for summary judgment did not need any supporting affidavits or other evidence. We therefore conclude that summary judgment was properly granted in favor of appellee, and we overrule appellant's second and third assignments of error.

█ In her first assignment of error, appellant contends that the trial court's reasoning in its decision dismissing appellant's claim for negligent infliction of emotional distress was erroneous. In its decision, the trial court discussed the elements of the tort of intentional infliction of emotional distress and concluded that appellant failed to establish those elements. The court did not address whether appellant could establish a claim of negligent infliction of emotional distress or whether summary judgment in favor of appellee would be appropriate on such a claim.

█ We agree with appellant that the trial court did not state valid reasons in its decision for granting appellee's motion for summary judgment. Nevertheless, as we have explained, we believe that summary judgment should have been granted in this case. An appellate court will not reverse a correct judgment merely because the reasoning employed by the court in making its determination is invalid or erroneous. *April v. Reflector–Herald, Inc.* (1988), 46 Ohio App.3d 95, 546 N.E.2d 466; *Taylor v. Yale & Towne Mfg. Co.* (1987), 36 Ohio App.3d 62, 520 N.E.2d 1375; *Rockwood Ins. Co. v. Armco, Inc.* (Jan. 28, 1991), Butler App. Nos. CA90–03–049 and CA90–03–050, unreported, 1991 WL 7937. Consequently, we overrule appellant's first assignment of error and affirm the trial court's decision granting summary judgment for appellee on Count Two of the complaint.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment or final order herein appealed from be, and the same hereby is, affirmed.

*Judgment affirmed.*

JONES, P.J., KOEHLER and WALSH, JJ., concur.