**William B. KLUSTY, et al., Plaintiffs,**

v.

**TACO BELL CORPORATION, et al., Defendants.**

No. C–3–95–258.

United States District Court,
S.D. Ohio,
Western Division at Dayton.

Dec. 20, 1995.

Alfred J. Weisbrod, Troy, OH, Robert C. Paxton, II, Columbus, OH, for Wm. B. Klusty, Clara L. Klusty, and Retail Construction.

Michael Wall Currie, Laura H. Pfahl, Arter & Hadden, Columbus, OH, for Defendants.

### ORDER DENYING LEAVE TO AMEND; REPORT AND RECOMMENDATIONS ON MOTIONS TO DISMISS

MERZ, United States Magistrate Judge.

This case is before the Court upon Motion of Defendant James Santos to Dismiss for Lack of Personal Jurisdiction under Fed. R.Civ.P. 12(b)(2) (Doc. # 11), Motion of Defendant Taco Bell to Dismiss Counts Four through Eight of the Complaint for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b)(6), and Motion of Plaintiff's to Amend the Complaint (Doc. # 23). Plaintiff has opposed the Taco Bell Motion (Memorandum in Opposition, Doc. # 21), but not the Santos Motion; Plaintiff's Motion to Amend also responds to Taco Bell's Motion to Dismiss. Taco Bell has filed a Reply Memorandum (Doc. # 22).

The prior Report and Recommendations on the Motion to Dismiss (Doc. # 14) was withdrawn (Doc. # 20).

### PERSONAL JURISDICTION OF JAMES SANTOS

Defendant James Santos has moved for dismissal on the grounds the Court lacks personal jurisdiction over him. As he points out, the only allegation made with respect to

him in the Complaint is that he is an employee of Taco Bell and a resident of Connecticut.

It is fundamental, of course, that no court can assert personal jurisdiction over a person outside its territorial jurisdiction unless that person has constitutionally sufficient minimum contacts with the forum State. *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). A single act may constitute transacting business within the Ohio long-arm statute and consistent with due process of law, if the facts of the case meet a three-part test:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum to make the exercise of jurisdiction over the defendant reasonable.

*Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir.1968); *In–Flight Devices Corp. v. Van Dusen Air, Inc.*, 466 F.2d 220, 226 (6th Cir.1972); *National Can Corp. v. K Beverage Co.*, 674 F.2d 1134, 1137–38 (6th Cir.1982). The requirement that a defendant personally avail herself of the privilege of acting in the forum State ensures that a defendant will not be haled into a jurisdiction solely as a result of random, fortuitous or attenuated contacts of another party or a third person. *Conti v. Pneumatic Products Corp.*, 977 F.2d 978, 982 (6th Cir.1992). The constitutional touchstone remains whether the defendant purposefully established minimum contacts with the forum State. *Nationwide Life Ins. Co. v. Hampton Supply*, 829 F.Supp. 915, 917 (S.D.Ohio 1993).

The party asserting the Court has personal jurisdiction has the burden of proving it. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991); *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir.1974). If the Court determines to decide the issue without evidentiary submissions, however, the party need only make a *prima facie* showing and the pleadings and affidavits are to be considered in the light most favorable to the plaintiff. *American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir.1988) (quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir.1980), *cert. denied*, 450 U.S. 981, 101 S.Ct. 1517, 67 L.Ed.2d 816 (1981).

Here the Defendant Santos has made an evidentiary submission showing that he has had no contacts with the State of Ohio relative to the Plaintiffs' claims. Plaintiffs have made no contrary evidentiary submissions, but even their Complaint does not allege sufficient minimum contacts with the State of Ohio for this Court to assert personal jurisdiction over Mr. Santos.

Accordingly, as to James Santos, the Complaint should be dismissed without prejudice for lack of personal jurisdiction.

## TACO BELL'S MOTION TO DISMISS

Taco Bell moves under Fed.R.Civ.P. 12(b)(6) to dismiss Counts Four through Eight of the Complaint for failure to state a claim upon which relief may be granted (Doc. # 12).

The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir.1993), citing *Nishiyama v. Dickson County, Tennessee*, 814 F.2d 277, 279 (6th Cir.1987). Put another way, "The purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or merits of the case." Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 294 (1990). The test for dismissal under Fed.R.Civ.P. 12(b)(6) is a stringent one:

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

*Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); *Hishon v. King &*

*Spalding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Nishiyama v. Dickson Cty.,* 814 F.2d 277 (6th Cir.1987) (en banc); *Collins v. Nagle,* 892 F.2d 489 (6th Cir.1989).

■ For purposes of the motion to dismiss, the complaint must be construed in the light most favorable to the plaintiff and its allegations taken as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Westlake v. Lucas,* 537 F.2d 857 (6th Cir.1976); *Craighead v. E.F. Hutton & Co.,* 899 F.2d 485 (6th Cir.1990). To survive a motion to dismiss under Fed. R.Civ.P. 12(b)(6), "a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir.1988); *followed Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236 (6th Cir.1990); *Columbia Natural Resources, Inc. v. Tatum,* 58 F.3d 1101 (6th Cir.1995). The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir.1987). Bare assertions of legal conclusions are not sufficient. *Sogevalor S.A. v. Penn Central Corp.,* 771 F.Supp. 890, 893 (S.D.Ohio 1991). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.,* citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); see also Wright & Miller, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1357 at 311–318 (1990).

The general standard for considering a motion to amend under Fed.R.Civ.P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
>
> —the leave sought should, as the rules require, be "freely given."

371 U.S. at 182, 83 S.Ct. at 230.

■ In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F.2d 742, 745 (6th Cir.1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir.1986); *Marx v. Centran Corp.,* 747 F.2d 1536 (6th Cir.1984), *cert. denied,* 471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985); *Communications Systems, Inc., v. City of Danville,* 880 F.2d 887 (6th Cir.1989). *Roth Steel Products v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983); *Neighborhood Development Corp. v. Advisory Council,* 632 F.2d 21, 23 (6th Cir.1980).

■ When a district court denies a motion to amend after granting a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Sixth Circuit will review both the complaint and the proposed amended complaint for purposes of construing the facts. *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097 (6th Cir.1995).

■ This Court must apply these standards to evaluate both Plaintiffs' original Complaint and their proposed amended complaint. The appropriate analysis as to each of Counts Four through Eight[1] is suggested *seriatim* below.

Since the basis of subject matter jurisdiction in this case is the diverse citizenship of the parties, Ohio substantive law governs.

---

1. For some unexplained reason, instead of repleading Counts 4 through 8, Plaintiffs have incorporated the original Complaint by reference in Count I of the Tendered Amended Complaint ("TAC") and then repleaded the other claims. On this formal basis alone, the TAC is improper. It is certainly a violation of Fed.R.Civ.P. 8(a) to incorporate eight claims by reference into one. The Court will ignore this formal difficulty in the current proposed amended complaint in the expectation Plaintiffs will correct the problem in any future proposed amended complaint.

*Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

## UNJUST ENRICHMENT

In Count One of the Complaint, Plaintiffs allege an express written [2] contract between Plaintiff Retail Construction and Defendant Taco Bell to construct a Taco Bell restaurant in on Harshman Road in Montgomery County, Ohio. Count Two alleges an express written [3] contract to construct a Taco Bell restaurant at Fourth and Bakewell in Covington, Kentucky. Count Three alleges an express written [4] contract to construct a Taco Bell restaurant at 463 Lincoln Street in Worcester, Massachusetts. Taco Bell does not question the sufficiency of these three counts to allege breaches of separate contracts.

In Count Four, Plaintiffs allege that Taco Bell's failure to pay for the work performed under the three contracts has unjustly enriched Taco Bell.[5] After incorporating this claim in Count One of the Tendered Amended Complaint ("TAC"), Plaintiffs then replead a purported claim for unjust enrichment as Count Two of the TAC, labeling it as an "alternative theory of relief upon which their claim for money damages is based." The only factual allegations added to this claim in the TAC are that Taco Bell knew there were subcontractors to be paid out of the money it was supposed to have paid Retail Construction and that there was an existing bond on the projects.

Ohio does not recognize unjust enrichment as an alternative theory of recovery when an express contract covers the same subject. *Davis & Tatera, Inc., v. Gray–Syracuse, Inc.,* 796 F.Supp. 1078

(S.D.Ohio, 1992). Plaintiffs have explicitly alleged that express contracts cover the three projects Retail Construction did for Taco Bell in Counts One, Two, and Three. Furthermore, in *Davis* Judge Kinneary rejected the claim that unjust enrichment and express contract could be pleaded in the alternative, even though Fed.R.Civ.P. 8(e)(2) permits alternative pleading, because the Federal Rules of Civil Procedure do not alter substantive rights among the parties and Ohio does not recognize unjust enrichment as an alternative.

Having alleged express contracts, Plaintiffs cannot proceed on an unjust enrichment theory. Count Four of the Complaint should be dismissed and Count Two of the TAC is deficient for the same reason.

## PUNITIVE DAMAGES

In Count Five (after incorporating by reference all the prior allegations), Plaintiffs claim Taco Bell's conduct has been wanton and reckless and that they have been unable to pay subcontractors and have been "irreparably harmed in the construction community generally." (¶¶ 18–20). In Count Three of the TAC, they allege that, in addition to being simple breaches of contract, Defendant's actions amounted to independent willful tort actions. Plaintiffs add that Defendant's actions constituted malice (¶ 11, TAC), and were "characterized by hatred, ill will, a spirit of revenge, and a conscious disregard of the rights of Plaintiffs wherein Defendants knew that such actions had a great probability of causing substantial harm to Plaintiffs" (¶ 12, TAC).

2. Although the Complaint avers that a copy is attached as Exhibit A, it is not.

3. Although the Complaint avers that a copy is attached as Exhibit B, it is not.

4. Although the Complaint avers that a copy is attached as Exhibit C, it is not.

5. Formal pleading difficulties with Count Four include Plaintiffs incorporation by reference in ¶ 13 of all the allegations in ¶¶ 1 through 12 of the Complaint and inconsistent references to "Plaintiff" in the singular and "Plaintiffs" in the plural. The first of these difficulties is repeated throughout the Complaint where at the beginning of each Count, all prior averments are reincorporated. The Court understands the purpose of not repeating **factual** allegations, but what is the purpose of incorporating legal conclusions for one theory of recovery into a completely different theory of recovery? This violation of Fed.R.Civ.P. 8(e) is parallel to the one committed by reincorporating all of the allegations of the original Complaint into the proposed amended complaint. Although this has become an unfortunately common pleading practice, it serves no useful purpose and defeats the purpose of Rule 8 for a plain and simple statement of claims.

No punitive damages are available for breach of contract in Ohio; *Ketcham v. Miller,* 104 Ohio St. 372, 136 N.E. 145 (1922) which so held is still good law. *Wolfe v. Continental Casualty Co.,* 647 F.2d 705, 710 (6th Cir.1981); *Battista v. Lebanon Trotting Assn.,* 538 F.2d 111 (6th Cir.1976). The tort of bad faith [by an insurer] is not a tortious breach of contract, for "no matter how willful or malicious the breach, it is not [a] tort to breach a contract." *Motorists Mutual Ins. Co. v. Said,* 63 Ohio St.3d 690, 590 N.E.2d 1228 (1992), quoted in *Bullet Trucking, Inc. v. Glen Falls Ins. Co.,* 84 Ohio App.3d 327, 616 N.E.2d 1123 (Mont.Cty. 1992).

Plaintiffs argue that they can recover punitive damages if it can prove an independent tort committed in connection with the breach of contract, correctly citing *Digital & Analog Design Corp. v. North Supply Co.,* 44 Ohio St.3d 36, 540 N.E.2d 1358 (1989). That is a correct statement of Ohio law, but is not applicable here because Plaintiffs have not alleged an **independent** tort; in *Digital,* the defendant committed conversion as well as breach of contract. Breach of contract is not converted to a tort by adding words characterizing it which also characterize otherwise tortious conduct for which punitive damages are available. Count Five of the Complaint must be dismissed for these reasons; Count Three of the TAC is futile because it adds nothing which suffices to state a claim.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Count Six of the Complaint alleges Taco Bell's acts constitute the tort of intentional infliction of emotional distress. In Count Four of the TAC, Plaintiffs allege that Taco Bell's acts were intended to cause emotional distress, were extreme and outrageous, beyond the bounds of decency, and intolerable in a civilized community (TAC ¶ 18). They also allege proximate cause and the seriousness of the mental anguish (TAC ¶¶ 19 & 20).

In recognizing the tort of intentional infliction of emotional distress in Ohio, the Ohio Supreme Court adopted Restatement of the Law 2d, Torts 2d, § 46, and comment d to that section which reads:

It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!" The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam. See Magruder, Mental and Emotional Disturbance in the Law of Torts, 49 Harvard Law Review 1033, 1053 (1936).

*Yeager v. Local Union 20,* 6 Ohio St.3d 369, 453 N.E.2d 666 (1983). In order to recover on an action for the intentional infliction of serious emotional distress four elements must be proved: 1) that the actor either intended to cause emotional distress or knew or should have known that actions taken would result in serious emotional distress to the plaintiff; 2) that the actor's conduct was so extreme and outrageous, that it went beyond all possible bounds of decency and that it can be considered utterly intolerable in a civilized community; 3) that the actor's ac-

tions were the proximate cause of the plaintiff's psychic injury; and 4) that the mental anguish suffered by the plaintiff is serious and of a nature that no reasonable person can be expected to endure it. *Miller v. Currie,* 50 F.3d 373 (6th Cir.1995); *Pyle v. Pyle,* 11 Ohio App.3d 31, 34, 463 N.E.2d 98, 103 (Cuyahoga Cty.1983) (citation omitted); *Bellios v. Victor Balata Belting Co.,* 724 F.Supp. 514, 520 (S.D.Ohio 1989).

In the TAC, Plaintiffs have recited the four conclusions required for an intentional infliction of emotional distress claim in Ohio, but they have not pleaded sufficient facts which, if proved, would permit a jury to reach those conclusions. The Sixth Circuit opinion in *Miller v. Currie, supra,* is instructive:

> To the extent that Miller suggests a district court judge cannot rule that, as a matter of law, certain conduct does not rise (or sink) to the extreme and outrageous level required to state a claim for intentional infliction of emotional distress, she attempts to prove too much. It is well accepted that intentional infliction of emotional distress claims may entirely appropriately be dealt with on summary judgment or in a motion to dismiss. *See, e.g., Rogers v. Targot Telemarketing Servs.,* 70 Ohio App.3d 689, 591 N.E.2d 1332, 1333, 1336 (1990) (treating plaintiff's allegations that she was falsely promised continued employment with the intention of causing her to detrimentally rely on the assurances as insufficient to qualify as extreme or outrageous); *Baab v. AMR Serv. Corp.,* 811 F.Supp. 1246, 1270 (N.D.Ohio 1993) (stating that co-workers' display of photographs of scantily clad women and plaintiff's receipt of pornographic "sex toys" was not intolerable in a civilized society and therefore not extreme or outrageous).

50 F.3d at 377–78. The court went on to reverse a 12(b)(6) dismissal by finding that the defendants' conduct in that case, as alleged in the complaint, was insufficient to support a claim for relief, but in doing so it examined the actual allegations of conduct made in the complaint, as was also done in the two cases it cites.

■ In the Complaint and Tendered Amended Complaint here, Plaintiffs do not allege conduct by Defendant that rises to the "Outrageous!" level required by *Yeager.* Instead, they allege breach of contract and then try to make that into an intentional infliction case merely by adding that Taco Bell did it to cause emotional distress and that Taco Bell was successful. It is not conclusory characterizations of a defendant's conduct which make it tortious; rather the conduct itself must be enough to make a reasonable man cry "Outrageous!" Plaintiffs' allegations do not meet that standard. Count Six of the Complaint must be dismissed.

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

In Count Seven, Plaintiffs incorporate all their prior allegations and then allege that they constitute negligent infliction of emotional distress (Complaint, ¶¶ 24–26). Except for its incorporation by reference in Count One of the TAC, this claim does not appear in the proposed amended pleading.

■ Count Seven should be dismissed with prejudice. Ohio courts have limited recovery for negligent infliction of emotional distress to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person. Where an individual's claim does not arise out of such circumstances, the individual fails to state a claim for emotional distress under Ohio law. *High v. Howard,* 64 Ohio St.3d 82, 592 N.E.2d 818 (1992), *overruled on other grounds, Gallimore v. Childrens Hospital Medical Center,* 67 Ohio St.3d 244, 617 N.E.2d 1052 (1993); *Strawser v. Wright,* 80 Ohio App.3d 751, 610 N.E.2d 610 (Preble Cty.1992).

### TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

Incorporating all prior allegations, Plaintiffs allege in Count Eight of the Complaint that Taco Bell's acts "have tortiously interfered with the business of Retail Construction, causing its demise and downfall" and emotional distress to the individual Plaintiffs (Complaint, ¶¶ 27–28). In Count Five of the

TAC, Plaintiffs add the allegations that Taco Bell knew Plaintiffs had to pay subcontractors and had a bond and that its failure to pay interfered with Plaintiffs relationships with their subcontractors and financial backers.

█ Tortious interference with business relations in Ohio is defined as follows:

> One who, without a privilege to do so, induces or otherwise purposely causes a third party not to enter into, or continue, a business relation with another, or perform a contract with another is liable to the other for the harm caused thereby.

*Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc.*, 862 F.2d 597 (6th Cir.1988), quoting *Heheman v. E.W. Scripps Co.*, 661 F.2d 1115, 1127 (6th Cir.), *cert. denied* 456 U.S. 991, 102 S.Ct. 2272, 73 L.Ed.2d 1286 (1981), quoting *Juhasz v. Quik Shops, Inc.*, 55 Ohio App.2d 51, 379 N.E.2d 235 (Summit Cty.1977). *Juhasz* is cited favorably as stating Ohio law in *A & B–Abell v. Columbus Cent. Ohio*, 73 Ohio St.3d 1, 651 N.E.2d 1283 (1995), but the Ohio Supreme Court also addressed tortious interference directly earlier this year:

> In order to recover for a claim of intentional interference with a contract, one must prove (1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages.

*Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St.3d 415, 650 N.E.2d 863 (1995), ¶ 2 of the syllabus.

█ All that Plaintiffs have alleged in this action by way of tortious interference is that Taco Bell has disrupted Plaintiffs' business relationships by not paying what was owed on the construction contracts. Plaintiffs have not alleged any independent inducement from Taco Bell to third parties having business relationships with Plaintiffs to cease those business relationships.

The Ohio Supreme Court held in *Digital & Analog, supra*, as follows:

> It is well, established that "though a breach of duty under a contract or lease necessarily interferes with the injured party's business relations with third parties, the injured party is limited to an action for breach of contract and may not recover in tort for business interference."

44 Ohio St.3d at 46, 540 N.E.2d 1358 (citations omitted). Plaintiffs have pled a breach of contract, not tortious interference with business relationships. The Tendered Amended Complaint adds no facts which correct this deficiency.

## CONCLUSION

█ Plaintiffs repeatedly rely on the asserted notice pleading character of Fed. R.Civ.P. 8. The Sixth Circuit has recently commented on this tendency:

> There is an unfortunate tendency in some quarters to overstate the liberality of the reform in pleading practice wrought by the adoption of Federal Rule of Civil Procedure 8. *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* Civil 2d § 1202 (1990) (criticizing use of the term "notice pleading"). Some appear to argue that one need only place the opposing party "on notice" of the nature of a claim and that conclusory allegations will suffice, when in reality the rule envisions a "statement of circumstances, occurrences, and events in support of the claim presented.... [T]he complaint must disclose information with sufficient definiteness." *Id.* § 1201 n. 11 (1990) (quoting Advisory Committee's 1955 Report).

*Veney v. Hogan*, 70 F.3d 917, 921–22 (1995). While the Federal Rules do not require the pleading of evidence, they do require that all necessary elements of a claim for relief be "well-pleaded." Counts Four through Eight of the Complaint do not satisfy that test; the Tendered Amended Complaint does not cure the Complaint's deficiencies.

Accordingly, Plaintiff's Motion to Amend is DENIED because the TAC would be futile. It is hereby recommended that Counts Four, Five, Six, and Eight be dismissed without prejudice so that, if Plaintiffs are able to replead, they may do so. Count Seven should be dismissed with prejudice because there are no facts remotely suggested in the pres-

ent pleadings on which Plaintiff could recover for negligent infliction of emotional distress.