I must respectfully dissent from the judgment and opinion of the majority for the following reasons.
At the outset, I want to note my agreement with the majority's conclusion that this case involves a breach of contract as opposed to a tort action. I, however, part company with the majority on the issue of appellant's entitlement to $250 in damages for the alleged bad haircut she received at the hands of appellee.
First, in the context of a breach of contract action, the award of money damages is designed to place an aggrieved party in the same position that he or she would have been had the contract not been breached. Buckley v. Ollila (Mar. 3, 2000), Trumbull App. No. 98-T-0177, unreported, at 7-8, 2000 Ohio App. LEXIS 787, citing Schulke Radio Productions, Ltd. v. Midwestern BroadcastingCo. (1983), 6 Ohio St.3d 436, 439. In other words, damages are to be compensatory in nature and not punitive. Buckley at 8, citingLake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376, 381. A party is not entitled to be placed in a better position than if the contract had not been breached. Brads v. First Baptist Churchof Germantown (1993), 89 Ohio App.3d 328.
It is incumbent upon the plaintiff in a breach of contract action to bear the burden of proving the nature and extent of his or her damages in order to be entitled to compensation.Akro-Plastics v. Drake Industries (1996), 115 Ohio App.3d 221,226. An injured party cannot recover damages for breach of contract in excess of the amount that is established by the evidence with reasonable certainty. Cordy v. D G Pools, Inc.
(Dec. 26, 1997), Trumbull App. No. 97-T-0079, unreported, at 5, 1997 Ohio App. LEXIS 5849. Reasonable certainty is defined as "that degree of certainty of which the nature of the case admits."Edwards v. Floyd (Mar. 26, 1999), Trumbull App. No. 98-T-0027, unreported, at 6, 1999 Ohio App. LEXIS 1231, quoting Bemmes v.Public Emp. Retirement Bd. (1995), 102 Ohio App.3d 782, 789.
In the instant matter, I believe that the damages awarded by the trial court were not based on a reasonable certainty, but instead, were speculative at best. While the record before the court is sparse, it is undisputed that appellant was not required to pay for the haircut. Moreover, there is no evidence in the record showing that appellant incurred expenses for substitute performance. As for appellant's purchase of the health food supplement to increase the growth of her hair, nothing before us indicates that it cost $250.
I do not dispute the fact that appellant was upset with the haircut she received, and that it caused her some emotional distress. In fact, I believe that at least part of the trial court's award was based on appellant's anxiety over her appearance after the haircut. While I sympathize with appellant's position, the law is very clear in this regard. Because the purpose of damages in a breach of contract action is to compensate a person for the benefit of the bargain which was lost, there is no recovery for emotional distress resulting from that breach.Strawser v. Wright (1992), 80 Ohio App.3d 751, 755.
Therefore, at a minimum, the trial court's award should be reduced to the nominal amount of one dollar. Otherwise, appellant would be placed in better position than she would have enjoyed had appellee cut her hair to appellant's satisfaction.
As noted by the majority, this is a small claims action where procedural rules are sometimes relaxed to accommodate lay people. Even so, there must still be some evidence in the record, hearsay or otherwise, to support and explain the award. Here, the trial court apparently chose an arbitrary figure which it deemed proper under the circumstances.
For the above reasons, I disagree with the trial court's assessment and respectfully dissent. I would reverse and enter judgment for one dollar nominal damage, as appellant presented no evidence as to any other amount.
 _____________________________________ PRESIDING JUDGE JUDITH A. CHRISTLEY