OPINION
{¶ 1} Plaintiff-appellant, Victoria E. Ullmann ("appellant"), appeals from the judgment of the Franklin County Municipal Court granting summary judgment in favor of defendant-appellee, Anne Duffus, D.V.M. ("Dr. Duffus"). For the following reasons, we affirm.
 {¶ 2} On April 26, 2004, appellant filed a complaint against Dr. Duffus in the Franklin County Municipal Court, alleging claims for professional negligence, breach of implied warranty, failure to obtain informed consent, and infliction of emotional distress, arising out of Dr. Duffus' treatment of appellant's pet birds. Dr. Duffus is a doctor of veterinary medicine, duly licensed by the state of Ohio. Appellant alleges that Dr. Duffus' negligent treatment of appellant's pet birds resulted in the death of five birds and continued health problems in three others.
 {¶ 3} On April 24, 2003, appellant presented two of her cockatiels, Osiris and Isis, for examination by Dr. Duffus at the Whitehall Animal Hospital. Dr. Duffus diagnosed Osiris with roundworms and prescribed Panacur, which is the brand name for fenbendazole. Dr. Duffus provided appellant with pre-measured syringes of Panacur for Osiris and Isis. The following day, upon appellant's request, Dr. Duffus provided pre-measured doses of Panacur for appellant's other birds, which had been in contact with Osiris.
 {¶ 4} On April 28, 2003, appellant telephoned Dr. Duffus' office and expressed concern that Panacur was causing adverse effects on the birds. After Dr. Duffus told appellant that she could not provide hand feeding to the birds, appellant took her birds to the Ohio State University Veterinary Hospital ("OSUVH") for emergency treatment. Appellant waited seven hours for treatment at OSUVH, which, like Dr. Duffus, refused to hand feed appellant's birds. Appellant states that OSUVH failed to provide her birds with appropriate treatment.
 {¶ 5} On May 1, 2003, appellant took Osiris and Isis to avian specialist R. Mohan, D.V.M., M.S., Ph.D. ("Dr. Mohan"), who informed appellant that Panacur is toxic to parakeets and cockatiels. Between May 1, and May 5, 2003, during which time Dr. Mohan treated Osiris, Isis, and Yazi, appellant's third cockatiel, the three cockatiels died. Two of appellant's parakeets also died. Appellant contends that Panacur poisoned her birds.
 {¶ 6} In her complaint, appellant alleged that: Dr. Duffus was negligent in dispensing Panacur to appellant's birds; Dr. Duffus violated an implied warranty that Panacur was fit for use by appellant's birds; and Dr. Duffus failed to obtain appellant's informed consent before treating her birds with Panacur. Appellant also alleged a claim for negligent infliction of emotional distress, allegedly caused by Dr. Duffus' actions.
 {¶ 7} On August 2, 2004, Dr. Duffus filed a motion for summary judgment. Appellant filed a memorandum contra on September 10, 2004, and Dr. Duffus filed a reply memorandum on September 15, 2004. In an entry filed September 23, 2004, the trial court denied Dr. Duffus' motion for summary judgment, citing "genuine issues as to material fact" but offering no additional reasoning for its ruling. On January 6, 2005, the trial court filed a second entry denying Dr. Duffus' motion.
 {¶ 8} On January 25, 2005, Dr. Duffus filed a motion for reconsideration of her motion for summary judgment based on appellant's failure to submit an expert affidavit in support of her claims. On February 23, 2005, without issuing a decision explaining its ruling, the trial court granted Dr. Duffus' motion for reconsideration and entered summary judgment in favor of Dr. Duffus. Appellant filed a timely notice of appeal from the court's entry of summary judgment.
 {¶ 9} On March 1, 2005, prior to filing her notice of appeal, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). On March 18, 2005, after filing her reply memorandum in support of her motion for relief from judgment, appellant filed a "Supplement to Motion for Relief of Judgment or Order Pursuant to Rule 60 B," to which she attached an affidavit from Dr. Mohan. On March 29, 2005, after appellant filed her notice of appeal from the trial court's entry of summary judgment, the trial court denied appellant's motion for relief from judgment. Appellant did not file a notice of appeal from the judgment entry denying her Civ.R. 60(B)(5) motion.
 {¶ 10} On appeal, appellant assigns the following as error:
I. ASSIGNMENT OF ERROR I: THE COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHEN GENUINE ISSUES OF MATERIAL FACT WERE CLEARLY IN ISSUE.
II. THE COURT ERRED IN FAILING TO RULE ON MY 60B MOTION IN A TIMELY MANNER AND REOPEN THE CASE.
 {¶ 11} In her first assignment of error, appellant contends that the trial court erred by entering summary judgment in favor of Dr. Duffus when genuine issues of fact remained for trial. Appellate review of summary judgment is de novo. Koos v. Cent. Ohio Cellular, Inc. (1994),94 Ohio App.3d 579, 588, citing Brown v. Scioto Cty. Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. When an appellate court reviews a trial court's disposition of a summary judgment motion, it applies the same standard as the trial court and conducts an independent review, without deference to the trial court's determination. Maust v. Bank OneColumbus, N.A. (1992), 83 Ohio App.3d 103, 107; Brown at 711.
 {¶ 12} Pursuant to Civ.R. 56(C), summary judgment shall be rendered if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Accordingly, summary judgment is appropriate only where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, that conclusion being adverse to the non-moving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 13} "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record * * * which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." Dresher v. Burt (1996), 75 Ohio St.3d 280, 292. Once the moving party meets its initial burden, the non-movant must then produce competent evidence of the types listed in Civ.R. 56(C) showing that there is a genuine issue for trial. Id. at 293. Because summary judgment is a procedural device to terminate litigation, courts should award it cautiously after resolving all doubts in favor of the non-moving party.Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
 {¶ 14} In the first count of her complaint, appellant alleges that Dr. Duffus was negligent in prescribing Panacur to treat roundworms in appellant's birds. At least one Ohio court has recognized that general rules regarding medical malpractice also apply to claims of professional negligence against veterinarians:
* * * The broad basis of liability of a veterinarian * * * is to be tested by the general rules with respect to what is ordinary care and the lack thereof, as applied to physicians and surgeons generally. In other words, with respect to liability of many specialists, both directly and in some instances indirectly associated with the practice of medicine, rules respecting ordinary care as applied to a layman are not applicable, but the rules of what is ordinary care and the lack thereof as applied to the trained professional are applied. * * *
Storozuk v. W.A. Butler Co. (1964), 3 Ohio Misc. 60, 61-62. A plaintiff's burden to establish veterinary negligence parallels a plaintiff's burden in establishing professional negligence against other medical professionals:
* * * [I]n order to establish negligence by a veterinarian, it must be shown that the injury complained of was caused by the doing of a particular thing that a veterinarian of ordinary skill, care and diligence would not have done under like or similar circumstances, or by the failure or omission to do some particular thing that such a veterinarian would have done under like or similar circumstances. * * *
Turner v. Sinha (1989), 65 Ohio App.3d 30, 35. Thus, to establish her negligence claim against Dr. Duffus, appellant must establish that a veterinarian of ordinary skill, care, and diligence would not have prescribed Panacur under like or similar circumstances and that Dr. Duffus' prescription of Panacur caused appellant's loss.
 {¶ 15} In a medical malpractice action, "[p]roof of the recognized standards [of the medical community] must necessarily be provided through expert testimony." Bruni v. Tatsumi (1976), 46 Ohio St.2d 127, 131-132. Additionally, the issue of "whether the [defendant] has proceeded in the treatment of a patient with the requisite standard of care and skill must ordinarily be determined from the testimony of medical experts." Id. at 130. In the absence of an opposing affidavit of a qualified expert for the plaintiff, a defendant-physician's affidavit attesting to his compliance with the applicable standard of care presents a legally sufficient basis upon which a court may enter summary judgment in a medical malpractice action. Cunningham v. Children's Hosp., Franklin App. No. 05AP-69, 2005-Ohio-4284, at ¶ 12, citing Marcum v. HolzerClinic, Inc., Gallia App. No. 03CA25, 2004-Ohio-4124, at ¶ 19.
 {¶ 16} In support of her motion for summary judgment, Dr. Duffus submitted her own expert affidavit, in which she details her examination and diagnosis of Osiris and her prescription of Panacur for appellant's birds. Dr. Duffus also testifies about Panacur and its uses. Dr. Duffus states that: since the 1960s, extensive research has demonstrated that fenbendazole is a safe and effective treatment against a broad spectrum of parasites in all species of animals and humans; neither Food and Drug Administration regulations nor state or federal law prohibits prescription of fenbendazole as a deworming medication; and she is unaware of any scientific study or professional standard of care that prohibits the use of fenbendazole for treatment of roundworms in cockatiels or parakeets. To a reasonable degree of scientific certainty, Dr. Duffus opines that: "at all relevant times, I complied with the applicable standard of veterinary care in connection with the treatment of [appellant's] birds, to be expected of veterinarians licensed by the State of Ohio, possessing similar training, education, and experience, and performing veterinary services under like or similar circumstances[.]" (Duffus Affidavit at ¶ 42.) With her affidavit, Dr. Duffus met her initial burden on summary judgment.
 {¶ 17} Because Dr. Duffus met her initial burden on summary judgment, appellant was required, pursuant to Civ.R. 56(E), to set forth specific facts demonstrating a genuine issue of fact for trial. In an attempt to meet her reciprocal burden, appellant submitted her own affidavit, attached to which are numerous exhibits, including a photocopy of an illustration entitled bird "digestive tract," a photocopy of a Panacur label, Internet printouts regarding Panacur, avian medications, and medical conditions and diseases of the Budgerigar and Cockatiel, and Dr. Mohan's notes. Appellant did not submit an expert affidavit in opposition to Dr. Duffus' motion for summary judgment. Dr. Duffus argues that she was entitled to summary judgment because appellant failed to produce expert testimony regarding the applicable standard of veterinary care, breach thereof, and causation, whereas appellant argues that her claims require no expert testimony.
 {¶ 18} Appellant first argues that she is alleging simple negligence rather than malpractice against Dr. Duffus. Appellant correctly states that a claim arising from the professional conduct of a veterinarian is not an action for malpractice for purposes of the one-year statute of limitations applicable to malpractice claims. See Hitchcock v. Conklin
(1995), 107 Ohio App.3d 850. However, that fact has no bearing on the necessity of expert testimony to establish such a claim. Other professional negligence claims that do not constitute malpractice for purposes of the one-year statute of limitations nevertheless require expert testimony. For example, although a claim of professional negligence against a nurse does not fall within the traditional definition of malpractice and the one-year statute of limitations applicable to malpractice claims, "expert testimony is necessary to establish the prevailing standard of care where the professional skills and judgment of a nurse are alleged to be deficient." Ramage v. CentralOhio Emergency Servs., Inc. (1992), 64 Ohio St.3d 97, 102. Similarly, because appellant alleges deficiency in Dr. Duffus' exercise of professional skill and judgment, expert testimony is necessary to establish professional negligence.
 {¶ 19} Appellant next argues that expert testimony is not required to establish Dr. Duffus' duty of care or beach thereof because they are clear and within the knowledge and understanding of laypersons. Although expert testimony is required where an inquiry "pertains to a highly technical question of science or art or to a particular professional or mechanical skill[,]" expert evidence is not required "where the subject of the inquiry is within the common, ordinary and general experience and knowledge of mankind[.]" Jones v. Hawkes Hosp. of Mt. Carmel (1964),175 Ohio St. 503, paragraph one of the syllabus. Despite appellant's protestations to the contrary, the standard of care required of a veterinarian prescribing medication in the course of treatment is not within the common experience and understanding of laypersons. Ohio courts have infrequently applied the common knowledge exception to obviate the need for expert testimony in medical negligence cases. See Buerger v.Ohio Dept. of Rehab. Corr. (1989), 64 Ohio App.3d 394, 399. Cases in which courts have done so involve instances of gross inattention to a patient, administrative or supervisory negligence, and miscommunication with a patient. See Cunningham at ¶ 21. Where the alleged negligence involves the exercise of professional skill and judgment, expert testimony is required to establish the prevailing standard of care, a breach of that standard, and proximate cause. Ramage at 103-104. AlthoughRamage involved a claim of nursing negligence, we find the Supreme Court's requirement of expert testimony equally applicable to a claim of negligence arising out of a veterinarian's exercise of professional skill and judgment. Because the choice of appropriate drugs to treat avian medical conditions requires a veterinarian to exercise professional skill and judgment, appellant was required to submit expert evidence detailing the applicable veterinary standard of care. Appellant failed to submit any such expert evidence.
 {¶ 20} Appellant likewise failed to present expert opinion testimony that Dr. Duffus' treatment of appellant's birds with Panacur constituted a deviation from the requisite standard of veterinary care. Ohio courts have recognized that how a particular drug acts once ingested is outside the scope of lay expertise and requires expert testimony. See Kerpelisv. Pfizer, Inc., Mahoning App. No. 03 MA 17, 2004-Ohio-3049, at ¶ 27. Only expert testimony of a physician or pharmacist is admissible with respect to the effects of a given type of drug. Freed v. Burrows (Dec. 4, 1987), Trumbull App. No. 3860. In Freed, the court held that the plaintiff was required to introduce expert medical testimony indicating that the defendant-physician was negligent in that the type or amount of drugs prescribed were not those that an ordinary physician would prescribe for the plaintiff's condition. The lay plaintiff's affidavit stating the effect of a given drug was incompetent.
 {¶ 21} In this case, appellant's lay affidavit is insufficient to establish that Dr. Duffus breached the applicable standard of veterinary care by prescribing Panacur for appellant's birds. Appellant presented no expert opinion testimony that Dr. Duffus' specific conduct constituted a deviation from the standard of care generally practiced by veterinarians under similar circumstances. In the absence of such evidence to contradict Dr. Duffus' expert affidavit, appellant failed to meet her reciprocal burden under Civ.R. 56(E), and Dr. Duffus was entitled to summary judgment on appellant's professional negligence claim. See Bogartv. Claridon Farms, Inc. (June 30, 1992), Geauga App. No. 91-G-1666 (in the absence of expert opinion evidence that the defendant veterinarian's course of treatment deviated from the standard of care generally practiced by veterinarians, summary judgment in favor of the veterinarian was proper).
 {¶ 22} Even had the trial court considered Dr. Mohan's expert affidavit, which appellant belatedly filed as a supplement to her reply memorandum in support of her motion for relief from judgment, summary judgment in favor of Dr. Duffus would have been appropriate. In his affidavit, Dr. Mohan states that, "[b]ased on the history and lab findings[,] a diagnosis of fenbendazole poisoning is made." (Mohan Affidavit at ¶ 8.) However, Dr. Mohan offers no testimony as to the standard of veterinary care applicable herein. Nor does Dr. Mohan offer an opinion as to whether Dr. Duffus breached that standard of care. Dr. Mohan's affidavit offers no opinion that Panacur is an inappropriate drug for treatment of birds or that Dr. Duffus was negligent in treating appellant's birds with Panacur. The absence of such opinions is fatal to appellant's claim. Thus, even with Dr. Mohan's affidavit as part of the record, appellant failed to meet her reciprocal burden to avoid summary judgment on her professional negligence claim.
 {¶ 23} Appellant argues that her affidavit, and Dr. Mohan's notes and reports attached thereto, are admissible on the issue of causation and demonstrate a genuine issue of material fact on her negligence claim. Appellant admits that Dr. Mohan's notes would not normally be admissible without Dr. Mohan's testimony or the authenticating testimony of a records custodian, and we find them inadmissible here. Dr. Mohan's notes and reports comprise hearsay statements, which are not admissible as evidence supporting appellant's claims. See Sweatman v. Yellow FreightSystem, Inc. (Aug. 29, 1996), Franklin App. No. 96APE03-329 (holding that a medical report attached to the affidavit of counsel and filed in opposition to a properly supported motion for summary judgment was inadmissible hearsay).
 {¶ 24} We acknowledge that at least one Ohio court and courts in other jurisdictions have permitted lay testimony on the issue of causation in breach of warranty or products liability cases in which a plaintiff's animal suffered adverse effects after ingesting the defendant's product. See Zedeker v. Logan Farm Bureau Coop. Assoc. (Mar. 18, 1985), Logan App. No. 8-83-24; Swift Co. v. Morgan Sturdivant (C.A.5, 1954),214 F.2d 115; Western Feed Co. v. Heidloff (1962), 230 Ore. 324,370 P.2d 612; Harberer v. Moorman Mfg. Co. (1950), 341 Ill.App. 521,94 N.E.2d 611. However, even assuming the admissibility of appellant's affidavit testimony on the issue of causation, appellant still failed to demonstrate a genuine issue of material fact with respect to the applicable standard of veterinary care and Dr. Duffus' alleged breach thereof. Because appellant failed to demonstrate a genuine issue of material fact on essential elements of her professional negligence claim, Dr. Duffus was entitled to summary judgment on that claim.
 {¶ 25} In the second count of her complaint, appellant alleges that Dr. Duffus' prescription of Panacur in the course of treating appellant's birds constituted a breach of an implied warranty that Panacur was fit for her birds. In response to Dr. Duffus' motion for summary judgment, appellant re-characterized her warranty claim, arguing that Dr. Duffus warranted that she would maintain her expertise and sufficient knowledge of bird medications. On appeal, appellant again re-characterized her warranty claim as a Uniform Commercial Code claim based on an implied warranty of fitness for a particular purpose. Dr. Duffus argues that Ohio courts have not applied implied warranty principles in professional negligence actions and that appellant's second count is actually a claim for medical negligence. We agree.
 {¶ 26} In the absence of a special agreement, the implied liability of a physician or surgeon extends no further than liability for failure to exercise the proper degree of skill. Davish v. Arn (1940), 32 Ohio Law Abs. 646. In this case, appellant does not allege that Dr. Duffus made any express or special warranty with respect to her treatment of appellant's birds. Dr. Duffus had an implied duty to exercise the requisite standard of veterinary care when treating and prescribing medication for appellant's birds. Ohio courts have not imposed any additional implied warranty on a provider of medical services. In her warranty claim, appellant effectively argues that Dr. Duffus breached an implied warranty by failing to comply with the requisite standard of veterinary care. In the absence of an express warranty, appellant's remedy for Dr. Duffus' alleged failure to meet the requisite standard of care is a claim for professional negligence, as set forth in Count 1 of appellant's complaint. Therefore, Dr. Duffus was entitled to judgment as a matter of law on appellant's claim for breach of implied warranty.
 {¶ 27} In the third count of her complaint, appellant alleges a claim of lack of informed consent. The tort of lack of informed consent is established when:
(a) The physician fails to disclose to the patient and discuss the material risks and dangers inherently and potentially involved with respect to the proposed therapy, if any;
(b) the unrevealed risks and dangers which should have been disclosed by the physician actually materialize and are the proximate cause of the injury to the patient; and
(c) a reasonable person in the position of the patient would have decided against the therapy had the material risks and dangers inherent and incidental to treatment been disclosed to him or her prior to the therapy. Nickell v. Gonzalez (1985), 17 Ohio St.3d 136, syllabus. The doctrine of informed consent is based on the theory that every competent human being has a right to determine what shall be done with his or her own body. Siegel v. Mt. Sinai Hospital (1978), 62 Ohio App.2d 12. Our research has revealed no case in which an Ohio court has recognized a tort claim for lack of informed consent against a veterinarian.
 {¶ 28} Even if Ohio courts recognized a claim for lack of informed consent against a veterinarian, expert testimony would be required "`to establish what the claimed undisclosed material risks and dangers * * * are, and if disputed, whether those particular undisclosed risks did in fact materialize and cause the patient's injuries. These issues are beyond the knowledge of the lay person and require expert testimony.'"Fernandez v. Ohio State Pain Control Ctr., Franklin App. No. 03AP-1018, 2004-Ohio-6713, at ¶ 15, quoting Valerius v. Freeman (Oct. 19, 1994), Hamilton App. No. C-930658; See Lipp v. Kwyer, Lucas App. No. L-02-1150, 2003-Ohio-3988, at ¶ 24 ("expert testimony is necessary to establish the significant risks which would have been disclosed to support the plaintiff's claim since the probability and magnitude of those risks is a matter of medical judgment beyond the knowledge of the lay person"). With respect to the second element of Nickell, this court has held that a plaintiff must present expert testimony to prove:
* * * "[W]hat a reasonable medical practitioner of the same school practicing in the same or similar communities under the same or similar circumstances would have disclosed to his patient about the risks incident to a proposed treatment, and of proving that the physician departed from that standard." * * *
Badger v. McGregor, Franklin App. No. 03AP-167, 2004-Ohio-4036, at ¶ 18, quoting Pierce v. Goldman (May 17, 1989), Hamilton App. No. C-880320. Appellant's lack of expert testimony is fatal to a claim of lack of informed consent, and Dr. Duffus was entitled to judgment as a matter of law on that claim.
 {¶ 29} In the fourth count of her complaint, appellant alleges a claim for negligent infliction of emotional distress. Ohio does not recognize such a claim under the facts of this case. "In the absence of statutory provision therefor, Ohio courts have limited recovery for negligent infliction of emotional distress to such instances as where one was a bystander to an accident or was in fear of physical consequences to his own person." High v. Howard (1992), 64 Ohio St.3d 82, 85-86. An owner who suffers emotional distress after witnessing the negligent damaging of personal property arising out of the defendant's negligence has no right of recovery. Strawser v. Wright (1992), 80 Ohio App.3d 751, 755, citing Reeser v. Weaver Bros., Inc. (1989), 54 Ohio App.3d 46, 49.
 {¶ 30} The law of Ohio regards a pet as the personal property of its owner. Strawser at 754. In Strawser, the court addressed a plaintiff's claim for negligent infliction of emotional distress arising out of the death of her new puppy, stating: "We sympathize with one who must endure the sense of loss which may accompany the death of a pet; however, we cannot ignore the law. * * * Ohio law simply does not permit recovery for serious emotional distress which is caused when one witnesses the negligent injury or destruction of one's property." Id. at 754-755. Ohio law does not recognize non-economic damages for injury to companion animals. Oberschlake v. Veterinary Assoc. Animal Hosp.,151 Ohio App.3d 741, 2003-Ohio-917, at ¶ 7. Rather, the measure of damages for loss of personal property is typically the difference between the property's fair market value before and immediately after the loss. Id., citing Akro-Plastics v. Drake Industries (1996),115 Ohio App.3d 221, 226. Although we do not doubt appellant's sense of loss that accompanied the death of her birds, the law of Ohio does not permit recovery for emotional distress arising out of such loss. Therefore, Dr. Duffus was entitled to judgment as a matter of law on appellant's claim for negligent infliction of emotional distress.
 {¶ 31} Upon review, we conclude that the trial court properly granted summary judgment in Dr. Duffus' favor on appellant's claims, and we overrule appellant's first assignment of error.
 {¶ 32} In her second assignment of error, appellant contends that the trial court erred by failing to rule on her Civ.R. 60(B) motion for relief from judgment in a timely manner and by failing to grant the requested relief. Appellant argues that the trial court was obligated to inform her of the need to provide an expert affidavit before granting summary judgment in Dr. Duffus' favor upon reconsideration. The trial court denied appellant's motion for relief from judgment on March 29, 2005, four days after appellant filed her notice of appeal from the trial court's entry of summary judgment.
 {¶ 33} Dr. Duffus argues that this court lacks jurisdiction to consider appellant's second assignment of error because appellant did not file a notice of appeal from the trial court's denial of her motion for relief from judgment. Denial of a Civ.R. 60(B) motion for relief from judgment is a final appealable order from which the unsuccessful movant must appeal if an appellate court is to have jurisdiction. Oskar v.Oskar (Dec. 24, 1986), Summit App. No. 12416. Pursuant to App.R. 4(A), a party must generally file a notice of appeal within 30 days of the entry of judgment. The filing of a timely notice of appeal is jurisdictional.Ross v. Harden (1982), 8 Ohio App.3d 34. Appellant did not file a notice of appeal from the trial court's denial of her motion for relief from judgment. Therefore, this court lacks jurisdiction to consider appellant's second assignment of error.
 {¶ 34} Upon review, we overrule appellant's first assignment of error, dismiss appellant's second assignment of error for lack of jurisdiction, and affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
Brown, P.J., and McGrath, J., concur.